**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**SHAWN FRYE,**

**Plaintiff,**

**v.**

**JOHN BARWICK III (official and individual capacity), JAMES WILLIAMS, TYLER SHIREY, TIMOTHY MEADOWS, KYLE BRITTON, SHANE AGNEW, RICHARD RANSOM, JOHN DOE #1 MAINTENANCE WORKER, JOHN DOE #2 CORRECTIONAL OFFICER, JOHN DOE #3 PLACEMENT OFFICER, JOHN DOE #4 CORRECTIONAL OFFICER, and JANE DOE NURSE,**

**Defendants.**

**Case No. 25-cv-246-NJR**

# ORDER OF DISMISSAL

**ROSENSTENGEL, District Judge:**

Plaintiff Shawn Frye, who at the time he filed his Complaint was an inmate of the Illinois Department of Corrections incarcerated at Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On May 21, 2026, the Court entered an initial scheduling and discovery order (Doc. 33) setting forth preliminary discovery deadlines. As it relates to the unknown defendants, Frye had until July 20, 2026, to file a motion to substitute specific defendants for the John/Jane Does (Doc. 33, p. 3). He failed to file a motion by the deadline. In reviewing the case and Frye's lack of response to the scheduling order, the Court learned that Frye

was no longer in the custody of the Illinois Department of Corrections (Doc. 34). He was previously warned that he was under a continuing obligation to keep the Court informed of any change in his address within 14 days after any change (Doc. 12). Because Frye failed to respond to the Court's Order and failed to update his address, the Court entered a Notice of Impending Dismissal (Doc. 34). Frye was Ordered to file a response by August 20, 2026, updating his address and indicating his intentions to pursue his claims (*Id.*). As of this date, Frye has failed to file a response.

Accordingly, this action shall be **DISMISSED with prejudice** for Frye's failure to comply with a Court Order and/or prosecute his claims. *See* FED. R. CIV. P. 41(b).

Frye is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Frye wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Frye does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the

entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment and close the case.

**IT IS SO ORDERED.**

**DATED: August 26, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**